# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

GLEN C. LETSINGER, )
)
    Plaintiff, )
)
v. ) No.: 3:24-CV-216-KAC-JEM
)
NORTHEAST CORRECTIONAL, )
LOIS M. DEBERRY, and )
NASHVILLE GENERAL HOSPITAL, )
)
    Defendants. )

## MEMORANDUM AND ORDER

Plaintiff Glen C. Letsinger, a former prisoner, filed (1) a signed "Petition to File Suit" with other documents, which the Court liberally construes as a civil rights complaint under 42 U.S.C. § 1983 [Docs. 1, 1-2, 1-3] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 3]. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion and **DISMISSES** Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although the text of the statute references the "assets such ***prisoner*** possesses," the Sixth Circuit has construed the statute to extend to a non-prisoner who applies to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d

800 (6th Cir. 1999). When assessing whether to permit an individual to proceed without paying the required fee, the Court does not analyze whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The Court considers all the resources potentially available to the applicant. *See Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (citation omitted).

Plaintiff's Motion, which he signed "under penalty of perjury[,]" states that he receives a total monthly income of $754 [Doc. 3 at 3] and has monthly expenses of $367.39 [*Id*. at 7]. Thus, is appears Plaintiff cannot bear the full filing fee in this action without undue hardship. Therefore, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3].

II.     REVIEW OF COMPLAINT

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint and dismiss any action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007) (holding courts must screen complaints filed by non-prisoners proceeding *in forma pauperis* under § 1915(e)(2)). The dismissal standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B)]." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-

2

Case 3:24-cv-00216-KAC-JEM     Document 4     Filed 02/18/25     Page 2 of 6     PageID #: 23

pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim, not supported by facts, are insufficient to state a plausible claim. *Iqbal*, 556 U.S. at 681.

The Supreme Court has instructed district courts to liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, pro se plaintiffs must meet basic pleading requirements and are not exempted from the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (noting the leniency granted pro se plaintiffs still requires "basic pleading standards"); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is neither "to ferret out the strongest cause of action on behalf of pro se litigants" nor to "advis[e] litigants as to what legal theories they should pursue").

Here, according to the Complaint, on March 19, 2017, while Plaintiff was incarcerated at the Northeast Correctional Complex ("NECX"), he was knocked to the floor during an assault by another inmate and sustained various injuries, for which he was not given pain medication or a physical examination [Doc. 1 at 1]. When Plaintiff complained of pain in his arm and shoulder, he received a sling [*Id.*].

On April 10, 2017, Plaintiff was transported to the Lois M. DeBerry Special Needs Facility ("DeBerry") in Nashville, Tennessee, where it was determined that Plaintiff should be put on dialysis for kidney failure [*Id.*]. Before Plaintiff could be treated, however, he "blacked out" and was transported to Nashville General Hospital by ambulance [*Id.*]. Upon Plaintiff's return to DeBerry, he discovered that "a [f]istula had been implanted into his left wrist and 2 ports into his chest for dialysis" [*Id.*]. But Plaintiff allegedly did not know of or consent to this procedure [*Id.*]. And after taking dialysis three days a week for four months, "it was then determined that [Plaintiff]

3

never needed to be on dialysis, [and] that his kidneys were fine at that time" [*Id*.]. The ports were removed, but the (unnecessary) fistula remains because the procedure is irreversible [*Id*.].

Plaintiff subsequently has an x-ray, and Dr. Baker determined that Plaintiff's left shoulder and clavicle had been broken on March 19, 2017, but that surgery was not warranted because the injury was not life threatening [*Id*. at 1-2]. On October 11, 2019, Plaintiff underwent hernia surgery at Nashville General Hospital [*Id*. at 2]. Plaintiff later learned that the surgery had been "Botched!" [*Id*.]. Specifically, he discovered "[t]he doctor implanted a hernia mesh but left a small tear on the left side[] along with some foreign matter in the testicle sack" and tied off "sections of the colon and urethra," which causes Plaintiff pain and "mak[es] it difficult to urinate" [*Id*.].

Plaintiff filed this suit seeking compensatory and punitive damages against Defendants NECX, DeBerry, and Nashville General Hospital for "medical negligence and/or incompetence;" "assault with intent and without provocation to cause injury and/or bodily harm;" "unnecessary medical treatment without consent;" and "improper medical care" that occurred between March 19, 2017, and April 10, 2022 [*Id*. at 3; Docs. 1-2; 1-3].

To state a claim against any Defendant for relief under 42 U.S.C. § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Tennessee's one-year statute of limitations for personal injury actions is applicable to Plaintiff's Section 1983 claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Tenn. Code Ann*. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a Section 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs*., 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues,

4

and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, s*ee Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete, *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action").

Plaintiff complains of events that occurred from March 19, 2017 to April 10, 2022 [*See* Doc. 1-2]. But he did not file the instant suit until two years after the latest complained-of event. Therefore, Plaintiff's claims are time-barred, and the Court **DISMISSES** Plaintiff's Complaint as frivolous. *See In re Royal Manor Mgmt., Inc.*, 652 F. App'x 330, 339-40 (6th Cir. 2016) (noting that "courts have no authority" to modify "statute-of-limitations deadlines"); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.") (citation omitted).

### III. CONCLUSION

For the above reasons:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3];

2. Because Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted under Section 1983, the Court **DISMISSED** Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A; and

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED.**

**ENTER:**

                                             /s/ Katherine A. Crytzer
                                             KATHERINE A. CRYTZER
                                             United States District Judge